**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

    vs.

Case No. 4:94cr4071-WS

**STEFFANY FRAZIER,**

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON "NUNC PRO TUNC MOTION"**

Defendant filed a "nunc pro tunc motion," asking the court to exercise its discretion and re-evaluate his sentence under the Federal Sentencing Guidelines in light of United States v. Booker, __ U.S. __, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005).  See also, Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

Defendant previously filed a 28 U.S.C. § 2255 motion, seeking relief under Apprendi.  Doc. 84.  The motion was denied with prejudice because it was untimely and because Apprendi does not apply retroactively on collateral review.  Docs. 85 and 87,

*citing* McCoy v. United States, 266 F.3d 1245, 1247-58 (11th Cir. 2001) (other citation omitted).  A certificate of appealability was denied for appeal.  Doc. 93.

Defendant's claim regarding a new rule of constitutional law would be cognizable, if at all, by a second or successive § 2255 motion filed with authorization from the court of appeals.  The limitations on recharacterizing a document as a first § 2255 motion do not extend beyond initial filings; and do not "impl[y] that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not."  Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004), *pet. for cert. granted in part*, __ S.Ct. __, 2005 WL 78683 (2005) (citation omitted).

This court may not consider a second or successive § 2255 motion absent authorization from the Eleventh Circuit.  28 U.S.C. § 2255 and § 2244.  Authorization for filing has not been granted by the Eleventh Circuit, and it is clear under circuit precedent that authorization will be denied.  In re Anderson, 396 F.3d 1336 (11th Cir. 2005) In re Dean, 375 F.3d 1287 (11th Cir. 2004),  In re Joshua, 224 F.3d 1281 (11th Cir. 2000) (denying leave to file successive § 2255 motions raising Booker, Blakely, and Apprendi, respectively, as those cases have not been made retroactive on collateral review by the Supreme Court).  Moreover, even in the context of an initial § 2255 motion, the Eleventh Circuit has determined that Blakely and Booker do not apply retroactively on collateral review.  Varela v. United States, __ F.3d __, 2005 WL 367095 (11th Cir. February 17, 2005) (finding "essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that Ring announced a new rule of procedure which did not apply retroactively on collateral review) (other citations omitted); McCoy,

266 F.3d at 1256-58 (<u>Apprendi</u> established a new procedural rule which did not apply retroactively on collateral review).

Like the previous motion, the current motion (treated as filed under § 2255) is untimely and does not entitle Defendant to relief. More importantly, as a successive motion this court lacks jurisdiction to even consider it.

It is therefore respectfully **RECOMMENDED** that Defendant's "nunc pro tunc motion" (doc. 94), be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2005.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**