IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

v.                                               Case No. 4:94cr4071-WS
                                                      Case No. 4:12cv471-WS/CAS

**STEFFANY FRAZIER,**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

On June 6, 2012, Defendant Steffany Frazier, proceeding pro se, filed a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255, and a supporting memorandum. Docs. 155 and 154. Defendant seeks relief based on the United States Supreme Court's decision in DePierre v. United States, 131 S.Ct. 2225 (June 9, 2011).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After reviewing the record, the

undersigned concludes the Court lacks jurisdiction to entertain Defendant's motion and, accordingly, the motion should be dismissed.

Defendant was previously denied relief under § 2255. *See* Docs. 84 (motion filed pursuant to 28 U.S.C. § 2255), 85 (report and recommendation to deny § 2255 motion with prejudice), 87 (order adopting recommendation and denying § 2255 motion with prejudice), 88 (judgment entered on docket May 8, 2002), 92 (appeal dismissed for failure to prosecute), and 93 (denying certificate of appealability and motion to appeal in forma pauperis); 95 (report and recommendation to deny "nunc pro tunc" motion seeking relief under § 2255), 100 (adopting report and recommendation and summarily dismissing as unauthorized successive § 2255 motion). As Defendant is aware from the previous proceedings, before filing a second or successive application for § 2255 relief in the district court, he must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3), 2255(h); *see* Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, despite the fact that he is clearly aware of the need to do so, based on the dismissal of his previous successive § 2255 motions. Therefore, the instant motion should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 155) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2012.

                                            S/   Charles A. Stampelos
                                            **CHARLES A. STAMPELOS**
                                            **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**